Dissenting Opinion by
Hoffman, J.:
This is an appeal nunc pro tunc from appellant’s 1962 conviction for solicitation to commit sodomy, sodomy, and corrupting the morals of a minor. Appellant was sentenced to undergo imprisonment for a term of not less than one year nor more than ten years.
At sentencing the trial judge conducted an extensive inquiry into appellant’s background and gave explicit attention to appellant’s five previous felony convictions.[1] In response to the judge’s questions concerning appellant’s substantial prison sentence following a *97 1951 conviction for armed robbery, appellant answered, “It was because of my record. I had no defense lawyer. This is the first time in my life 1 ever had anybody come up and stand up for me. If I was guilty I wouldn’t even think of getting anyone.” After this statement the Assistant District Attorney noted that appellant had received the services of the Voluntary Defender at his 1951 trial for armed robbery.
Appellant’s attorney does not contend that any of appellant’s prior convictions are constitutionally infirm. However, on the face of the record before us, 1 believe that a substantial question exists as to whether these prior convictions were obtained without appellant being represented by counsel. Convictions obtained where defendants have been deprived of the assistance of counsel are clearly constitutionally invalid. Gideon v. Wainwright, 372 U.S. 335 (1963).
In the recent case of United States v. Tucker, 404 U.S. 443 (1972), the United States Supreme Court held that where a trial judge had given consideration to two previous felony convictions which had been obtained in violation of the right to counsel, defendant was entitled to have the case remanded to the trial court for a reconsideration of sentence. The Court noted that “the real question here is not whether the results of the Florida and Louisiana proceedings might have been different if the respondent had had counsel, but whether the sentence in the 1953 federal case might have been different if the sentencing judge had known that at least two of the respondent’s previous convictions had been unconstitutionally obtained.” United States v. Tucker, supra at 448.
If four of appellant’s five previous felony convictions had been obtained in violation of appellant’s Sixth Amendment right to counsel, “the factual circumstances of [appellant’s] background would have *98 appeared in a dramatically different light at the sentencing proceeding.” United States v. Tucker, supra at 448. As stated by the Supreme Court in Burgett v. Texas, 389 U.S. 109,115 (1967), “[t]o permit a conviction obtained in violation of Gideon v. Wainwright to be used against a person either to support guilt or enhance punishment for another offense ... is to erode the principle of that case.”
Appellant did not object to the consideration of his prior convictions at sentencing. We believe, however that the possible error in this case constitutes basic and fundamental error. Commonwealth v. Jennings, 442 Pa. 18, 274 A. 2d 767 (1971); Commonwealth v. Williams, 432 Pa. 557, 248 A. 2d 301 (1968).
Where there is no reasonable basis for failing to raise basic and fundamental error at trial, an appellant is entitled to consideration of the alleged error on appeal. Commonwealth v. Miller, 448 Pa. 114, 290 A. 2d 62 (1972).
The constitutional validity of appellant’s prior convictions was not determined by the post-conviction hearing court below. Therefore, I would remand the case for an evidentiary hearing on this issue.
Spaulding and Packed, JJ., join in this dissenting opinion.

 Appellant was convicted for larceny of an automobile (1929), grand larceny (1946), violation of The Vehicle Code (1946), grand larceny (1949), armed robbery and related offenses (1951). Appellant also had several other motor vehicle offenses on his record which were considered in detail by the trial court.